UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES JONES #339912** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2023** |
| **MRS. WARDEN SHIRLEY COODY, ET AL.** | **SECTION "J"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

Pro se plaintiff, James Jones, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed this federal civil rights complaint *in forma pauperis*[1] pursuant to 42 U.S.C. § 1983 against Shirley Coody, Camp J Warden at the Louisiana State Penitentiary, Angola; Richard Stalder, the Secretary of the Department of Public Safety and Corrections; and N. Burl Cain, the

---

[1] The Court has instructed the Clerk of Court by separate Order to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Middle District of Louisiana.

Warden of the Louisiana State Penitentiary. Plaintiff complains that defendants violated his constitutional rights by placing him on the wrong tier contrary to Camp J Management Programs policy. He requests a transfer and relocation to the main prison general population, monetary damages and injunctive relief. Record Doc. No. 1, Complaint.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(emphasis added).

No defendant is alleged to reside in or to be found within this judicial district. The three named Louisiana defendants are located within the geographical boundaries of the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 98(b). Additionally, the events or omissions giving rise to plaintiff's claim did not occur within this district.[2]

Title 28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, if such transfer is in the interest of justice. The Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Middle District of Louisiana for further consideration.[3]

---

[2] The Court notes that even the plaintiff does not reside within this district; rather, he resides within the Middle District of Louisiana. 28 U.S.C. § 98(b).

[3] The recommendation of transfer is not an indication that the claims presented have merit.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of April, 2006.



_____
SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE